UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY  FALWELL<br>824 Neptune Avenue<br>Oxon, Hill, MD 20745 | )<br>)<br>) |
| | ) Civil Action No. |
| | )<br>) |
| Plaintiff | )<br>) |
| THE DISTRICT OF COLUMBIA<br>CITY OF WASHINGTON<br>441 4th Street, NW<br>Suite 1100<br>Washington, DC 20001, | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| THE DISTRICT OF COLUMBIA<br>FIRE AND EMERGENCY<br>SERVICES DEPARTMENT<br>1923 Vermont Avenue, NW<br>Washington, DC 20001, | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| PHILLIP PROCTOR<br>441 4th Street, NW<br>Suite 370<br>Washington, DC      20001 | )<br>)<br>)<br>) |
| | ) |
| BRUCE FAUST<br>441 4th Street, NW<br>Suite 370<br>Washington, DC 20001 | )<br>)<br>)<br>) |
| | ) |
| BRIAN LEE<br>1923 Vermont Avenue, NW<br>Washington DC 20001 | )<br>)<br>) |
| | ) |
| Defendants | ) |
| _____ | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, Tony Falwell, by and through his attorney, hereby file his complaint against  The District of Columbia, the City of Washington;  the District of Columbia Fire and Emergency Medical Services; Phillip Proctor; Bruce Faust and Brian Lee, makes the following allegations:

**INTRODUCTION**

1)      Plaintiff brings this action for relief under the following Federal Statutes and the common law: 42 USC §1983 [Violation of Constitutional rights]; 42 USC § 1985 (3) [Interference With Plaintiff's Civil Rights]; 42USC § 1988 [Attorney's fees and costs]. Plaintiff is seeking damages for violations of his civil rights and the resultant economic harm.

**II.      JURISDICTION AND VENUE**

2)      This Court's jurisdiction is invoked under the following US Statutes  28 USC §§ 1331, 1343, 42 USC §§1983, 1985(3) and 1988;  the 4th amendment of the United States Constitution, and the14th Amendment to the United States Constitution.

3)      Venue is proper in this District pursuant to 28 USC § 1391(b) because all of  the events or omissions giving rise to the claim occurred in the District of Columbia.

**III.     PARTIES**

4)      Plaintiff, Tony Falwell, is an employee of the District of Columbia Fire and Emergency Medical Services.  At all times described he was a Captain and well respected officer within the Department.

5)      The City of Washington, in the District of Columbia is a municipality that operates the District of Columbia Fire and Emergency Medical Service.  The District of Columbia is considered a state for the purposes of bring this law suit.

6)      The District of Columbia Fire and Emergency Medical Services, (hereinafter referred to as DCFEMS) provides fire protection for the citizens of the District of Columbia.

7)      Defendant, Phillip Proctor is a Sgt. employed by the DCFEMS and at all times as described in this complaint he was assigned to the Departments' Fire Investigation Unit.

8)      Defendant, Bruce Faust is a Fire Department Officer employed by the DCFEMS and all times as described in this complaint he was assigned to the Departments' Fire Prevention Unit.

9)      Defendant, Brian Lee, is the Assistant Fire Chief employed by the DCEMS and at all times as described in this complaint he was responsible for the administration of discipline with the Department.

<u>**FACTS GIVING RISE TO PLAINTIFF'S COMPLAINT**</u>

10)      Captain Falwell has been a respected and honored member of the DCEMS for more than eighteen years.

11)      Since that period, Captain Falwell has not been subjected to discipline for any infractions as a member of the department.

12)     Captain Falwell was assigned to Fire Prevention in which he performed his job admirably.

13)     However, on February 23, 2007, Captain Falwell was concluding a divisional drill with the inspection personnel of the Fire Prevention Division when he was approached by Lt. Ronald Murphy and informed that Acting Battalion Fire Chief (A/BFC) Bruce Faust wanted to speak with him in his office immediately.

14)     Captain Falwell obeyed the order and met with A/BFC Faust.  In the Fire Prevention Office, Chief Faust informed Captain Falwell that by order of Interim Fire Chief Brian Lee he was being placed on administrative leave until further notice. Further A/BFCFaust stated that Captain Falwell was being investigated by the Office of the Attorney General.

15)     Captain Falwell was then presented with the department's  form 1 (Property Receipt) to sign for the department items listed above.

16)     A/BFC Faust then informed Captain Falwell that he was to retrieve his personal belongings and leave the premises and not to contact the Fire Prevention Division.

17)     Captain Falwell asked the Chief "what was this all about", and the Chief responded, that "I'm not at liberty to say, but remember, you are innocent until proven guilty".

18)     Captain Falwell signed the DCFEMS Form 1 in the presence of A/BFC Faust and gave him the department issued items that he had in his possession.

19)     A/BFC Faust proceeded to walk from his office over to the Captain's office to grant access so that he may get his personal belongings.

20)     However, while attempting to collect his personal belongings Sgt Phillip Proctor from the Fire Investigation Unit came to Captain Falwell's office door and said "I can not let you take any computers, thumb drives, discs, or bags from this office".

21)     Captain Falwell informed Sgt. Proctor that the laptop computer and screen projector that he was taking was his personal property.  He also informed Sgt. Proctor that his backpack, personal bag, school books, external drives and all personal items all belonged to him and was not property of the department.

22)     Sgt. Proctor acknowledged that this was Captain Falwell's personal property, however, he continued to insist that he would not allow Captain Falwell to take the items and in a belligerent voice told Captain Falwell that he wanted him to leave the area and that he was tired of asking him to do so.

23)     Sgt. Proctor is one of the few DCEMS employees allowed to carry a firearm, therefore, Captain Falwell left the office and proceeded to the common area of the building.  Captain, Falwell was very upset that his personal property was seized by the DCEMS without a warrant or any authority.  However, Captain Falwell was powerless to do anything but comply, since he was ordered to leave the building.

24)     Fire Investigators are supervised by the Fire Marshal and charged with investigating causing of fires in the District of Columbia.  District of Columbia Code §5-417.01 provides the specific authority:

(a)    The Fire Chief, the Fire Marshall, and his authorized representative shall have the authority to investigate the cause, origin, and circumstances of every fire, explosion, or hazardous materials emergency in which the Fire Department has reasonable interest.  When the Fire Chief, the Fire Marshall, or his authorized representative has reason to believe that a fire, explosion , or hazardous materials incident may be the result of a violation of any law, he shall immediately take custody of and safeguard all physical evidence in connection therewith, and shall have the authority to prohibit the disturbance of removal of any material, substance, device, or utility in, or upon any building or property where the emergency occurred until such time as the investigation of the incident is complete; provided however, that the Metropolitan Police Department shall be the primary investigative agency in fires explosions, and hazardous materials incidents involving critical injury, death, or assaults with intent to kill.

(b)    The Fire Marshal and such other personnel, as are designated in writing by the Fire Chief, shall have and exercise and are hereby invested with, the same general police powers including arrest powers as regular members of the Metropolitan Police Department for the express purpose of enforcing the fire safety laws in effect in the District of Columbia, including, but not limited to, this section. ..

25.    The District of Columbia Fire Department and Sgt. Proctor was fully aware that Captain Falwell was being placed on Administrative Leave for alleged personnel related matters and did not involve investigation of arson, explosions or any other fire safety related matters, however, in total disregard for Captain Falwell's constitutional rights, Sgt. Proctor seized Captain Farwell's property.

26.    Subsequently, approximately five hours later in an apparent attempt to conceal the illegal seizure of Captain Falwell's personal property, Sgt. Proctor telephoned Captain's Falwell's home and asked if he could search the Captain's personal belongings.  Captain Falwell responded that he did not want him or anyone else searching his personal property and hung up the phone.

27.    Approximately a few minutes later, Sgt. Proctor telephoned Captain Falwell's again and stated that he was in the presence of A/BFC Bruce Faust and again

asked for permission to search Captain Falwell's property and again Captain Falwell

refused permission to search said property.  Further, Captain Falwell stated that he did

not believe the department had the right to seize his personal property, however, Sgt.

Proctor again stated that he was wrong.

28.     After specifically receiving a refusal from Captain Falwell to allow a search

of his personal belongings,  based on the Plaintiff's information and belief, Sgt. Proctor

searched Captain Falwell's personal property any way.

29.      In order to conceal an act that Sgt. Proctor knew was illegal and a

violation of the Plaintiff constitutional rights Sgt. Proctor drafted a document entitled

"District of Columbia Fire and EMS Department; Consent To Search" (Form 23CS) , that

stated that:

> I, Tony Falwell, having informed of my constitutional rights NOT to have a search
> of the premises hereinafter mentioned without a search warrant and of my right
> to refuse to consent to such a hereby authorize, Sgt. Phillip Proctor and other
> authorized agents, to conduct a complete search of my premises located at 441
> 4th Street, NW, Suite 370 "The Captain's Office".  The Investigators or Agents are
> authorized by me to take from my premises any letters papers, materials or other
> property which they may desire.  The written permission is being given by me to
> the above named persons voluntarily and without threats or promises of any kind.

30.     In a further attempt to conceal said violation of the Plaintiff's constitutional

rights, Sgt. Proctor signed the document "@1625 hours Captain Falwell gave verbal

consent after being advised of these rights. A/BFC Faust signed as a witness if though

he was fully aware that Captain Falwell refused  permission to search and seize his

personal property.

31.     Form 23CS is a document used by Fire Prevention in the course of

investigation of a fire, however, the fire department does not have the authority to

investigate criminal acts or seize or search personal property when an employee is

alleged to have committed criminal acts or search and seize personal property

belonging of a member if the member is alleged to have violated  rules and regulations

of the department.

32.    At the time Sgt. Proctor and A/BFC Faust signed the Form 23CS, they

were fully aware that they had not read the form to Captain Falwell and that he did not

give his consent.

33.    Captain Falwell was completely unaware of the Form 23CS and its

contents until it was received by Captain Falwell's attorney in September, 2007,

responding to a discovery request.

34.    On or about March 12, 2007, Plaintiff's counsel forwarded a letter to

Interim Chief Brian Lee requesting information and that Captain Falwell's property be

returned.  Chief Lee responded on March 19, 2007, stating that he could not comment

on the status of an ongoing investigation, but also stated that he would look into the

return of Captain Falwell's property, including his text books.  However, Chief Lee did

not provide a follow-up to this response.

35.    On April 30, 2007, Captain Falwell reported to Fire Prevention Division to

sign for a disciplinary letter.  Captain Falwell reported to Captain Bashore for this

process.  Captain Falwell again asked about his personal property.

36.    Captain Bashore informed Captain Falwell that they were in Deputy Fire

Chief Palmers' office and that he would have to speak to the department's General

Counsel, because he believed the items were being held as evidence.

8

37.    To date the department has not returned Captain Falwell's property and continues to maintain the seizure of said property.

38. As indicated above, Defendant Brian Lee was the Interim Fire Chief at the time the violation of Plaintiff's constitutional rights occurred.

39.    Consequently, actions taken by Sgt. Proctor and others were a result of direct or indirect orders issued by the Interim Fire Chief Lee.  Further, based on the Defendant's March 19, 2007, letter he was aware of the seizure of Captain Falwell's property at least by March 12, 2007.

40.    Captain Falwell subsequently learned that the U.S. Attorneys Office did not find any criminal conduct committed by him and the investigation was concluded.

41.    On or about June 18, 2007, the Fire Department issued alleged disciplinary charges and specifications against Captain Falwell.  The Department indicated that it was seeking termination of Captain Falwell's employment.

42.    On or about the same day, the Fire Department issued charges and specifications against two other Fire Fighters assigned to the Fire Prevention Unit.

43.    On or about August 9, 2007, the Assistant Fire Chief Brian Lee indicated that the Department was going to consolidate the trial board hearing of the three men. Through counsel, all three men objected to consolidation of the cases, indicating to the Chief that their interest was different and consolidating the trial boards would severely prejudice their case.

44.     Further, through counsel Chief Lee was reminded that in arbitration decision between the Fire Fighters Union (Local 32)  and the Fire Department, in April 2007, the Arbitrator ruled that Department could not consolidate cases without all parties agreeing to a consolidation.

45.     In addition to the above mentioned decision, the Fire Department is fully aware that statements has been made by one or more of the three men on charges that are adverse to Captain Falwell and would eliminate any chance for him to receive a fair hearing.

46.     Assistant Fire Chief Lee is fully aware of this fact, however, he insists on consolidating the hearing because based on Plaintiff's information and belief, he does not intend for the Plaintiff to receive a fair hearing.

47.     The actions of the District of Columbia and the other defendants deprived Captain Falwell of its Federally protected right against illegal searches and seizure and his 14th amendment rights to due process of law and equal protection of law.

48.     Actions by the District of Columbia and the other defendants also caused Captain Falwell to suffer, economic loss, emotional distress, his expectation  of privacy was infringed.

49.     The damages suffered by Captain Falwell  were willful, wanton, outrageous, malicious and pursued with reckless disregard for the rights of the Plaintiff.

## COUNT I

### (Violation of Plaintiff's 4th Amendment Rights)

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-50  of this Complaint as if set forth at length herein.  The actions described above by the District of Columbia  and the other named defendants acting under the color of state law, was in a willful violation of the Plaintiff 4th Amendment rights for the for the purpose of depriving Plaintiff of his rights.

51.     As a direct and proximate result of the wrongful acts and omissions of the defendants set forth in this Complaint, the defendants are liable to Plaintiff for compensatory damages

52.     The damages suffered by Plaintiff were willful, wanton, outrageous,

## COUNT II

### (Interference With Plaintiff Civil Rights)

53.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-53  of this Complaint as if set forth at length herein.  The actions described above by the District of Columbia  and the other named defendants were in a willful conspiracy for the purpose of depriving Plaintiff of his rights.

54.     Not withstanding Federal Laws which entitle Plaintiff  to equal privileges and immunities as other persons, the defendants, acting in concert violated the Plaintiff's constitutional rights and rights to privacy.

55.     As a direct and proximate result of the wrongful acts and omissions of the defendants set forth in this Complaint, the defendants are liable to Plaintiff for compensatory damages

56.     The damages suffered by Plaintiff were willful, wanton, outrageous,

## COUNT III

### (Injunction/Due Process)

57.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-57  of this Complaint as if set forth at length herein.

58.     The Fourteenth Amendment to the United States Constitution prohibits a State from "depriving any person of…property without due process of law…."

59.     There exists a credible threat that a consolidated hearing in which parties adverse to Plaintiff's defense is joined with his hearing will result in a finding of guilt and termination from the Fire Department.

60.     Defendants the District of Columbia, and Assistant Fire Chief Brian Lee acting under the color of state law deprive are depriving Captain Falwell of his right to a fair hearing  which would result in his termination from the Fire Department without due process of law.

61..     Plaintiff is entitled to an injunction enjoining Defendants, District of Columbia and Assistant Fire Chief Lee from going forward with a consolidated hearing.

## COUNT IV

### (Intentional Infliction of Emotional Distress)

62.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-62  of this Complaint as if set forth at length herein.

63.    Defendants intentionally and deliberately inflicted emotional distress on Captain Falwell by maliciously searching and seizing his personal property and conspiring to deprive him of his constitutional rights, or by interfering with Captain Falwell's civil rights by threats of coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

64.    Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

65.    The actions of the Defendants were the cause of Captain Falwell's distress.

66.    Defendants are jointly and severely liable to Plaintiff for damages as described in Count I through IV.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1)    Award damages in an amount to be determined at trial, but not less than $3,100,000 to Plaintiff .

2).    Enjoin Defendants from consolidating the Trial Board Hearing of Captain Falwell.

3)    Award attorneys fees and costs pursuant to 42 U.S.C. 1988.

4)    Grant such other relief as the interests of justice require.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

Law Office of Squire Padgett
Lathal Ponder # 434951
1111 14th Street N.W.
Suite 820
Washington, D.C. 20005
(202) 216-4980

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Tony Falwell

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Prince Georges
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lathal Ponder
1111 14th Street, NW
Suite 820
Washington, DC 20005

**DEFENDANTS**

The District of Columbia, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)** _____ DC _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01820
Assigned To : Huvelle, Ellen S.
Assign. Date : 10/9/2007
Description: Civil Rights-Non Employ.

*JURY ACTION*

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ~~○~~ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)      OR      ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

⑤

| ○ **G.** *Habeas Corpus/* *2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ◎ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◎ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

42 U.S.C. 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☒ ACTION UNDER F.R.C.P. 23   DEMAND $ [_____]  Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 10/5/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.