UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TONY FALWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-1820 (ESH) |
| v. | ) | |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PHILLIP PROCTOR | ) | |
| 441 4th Street, N.W. | ) | |
| Washington, DC 20001 | ) | |
| | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANT PHILLIP PROCTOR'S ANSWER TO THE COMPLAINT

Defendant Phillip Proctor ("defendant"), through counsel, hereby responds to plaintiff's

Complaint as follows:

First Defense

Introduction

1.    Paragraph 1 of the Complaint states plaintiff's theory of the case, to which no

response is required.  To the extent that a response is required, defendant denies that plaintiff is

entitled to any relief requested.

Jurisdiction and Venue

2.    Defendant acknowledges the statutes cited in paragraph 2 of the Complaint but denies

that jurisdiction or venue is necessarily conferred thereby.

1

3.      Defendant acknowledges the statute cited in paragraph 3 of the Complaint but denies that jurisdiction or venue is necessarily conferred thereby.

The Parties

4.      Defendant admits that plaintiff is employed as a Captain with the D.C. Fire and Emergency Medical Services Department (DCFEMS).  The remaining allegations in paragraph 4 of the Complaint state conclusions of law or of the pleader to which no response is required.

5.      Defendant admits that the District of Columbia is a municipality and that DCFEMS is an agency of the District of Columbia.  The remaining allegations in paragraph 5 of the Complaint state conclusions of law or of the pleader to which no response is required.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.      Defendant admits that he is employed as a Sergeant with DCFEMS and at all relevant times was assigned to the Department's Fire Prevention Division.

8.      Defendant admits that Bruce Faust is employed as a Fire Department Officer with DCFEMS and at all relevant times was assigned to the Department's Fire Prevention Division.

9.      Defendant admits that Brian Lee is an Assistant Fire Chief employed by DCFEMS. The remaining allegations contained in paragraph 9 of the Complaint state conclusions of law or of the pleader to which no response is required.

Facts Giving Rise to Plaintiff's Complaint

10.     Defendant admits that plaintiff has been employed with DCFEMS for approximately eighteen years.  The remaining allegations in paragraph 10 of the Complaint state conclusions of law or of the pleader to which no response is required.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant admits that plaintiff was assigned to the Fire Prevention Division. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint

13.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendant admits that plaintiff was presented with a Departmental Form 1 (property receipt) for his Departmental identification and keys.

16.     Defendant admits that plaintiff was told to leave the premises.  Defendant lacks sufficient information or knowledge at this time to admit or deny the remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendant admits that plaintiff asked what this was about.  Defendant lacks sufficient information or knowledge at this time to admit or deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits that plaintiff signed the DCFEMS Form 1 in the presence of Chief Faust and that plaintiff gave Chief Faust his Departmental identification and keys that were in his possession at the time.

19.     Defendant admits that at some point plaintiff and Chief Faust went to plaintiff's office.  Defendant lacks sufficient information or knowledge at this time to admit or deny the remaining allegations contained in paragraph 19 of the Complaint.

20.      Defendant admits that he came to the office.  Defendant further admits that he said that plaintiff could not remove items from the office.  Defendant denies any remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint, except that defendant admits that he told plaintiff that plaintiff was not allowed to remove items from his office.

23.     Defendant admits that he is legally authorized to carry a firearm as a law enforcement officer employed by DCFEMS.  Defendant admits that plaintiff was required to leave the building, and that he eventually left the building.  Plaintiff's allegation that his personal property was seized without lawful authority states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegation.  Defendant denies any remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendant admits that fire investigators are supervised by the Fire Marshal, among others, and that their duties include, but are not limited to, investigating the causes of fires in the District of Columbia.  Defendant acknowledges the statute cited in paragraph 24 of the Complaint, but any characterization thereof states conclusions of law or of the pleader to which no response is required.

25.     Paragraph 25 of the Complaint states conclusions of law or of the pleader to which no response is required.  To the extent that a response is required, defendant admits that he was told that plaintiff was being placed on administrative leave and was under criminal investigation for allegations of fraud.  Defendant denies that the alleged fraud did not involve fire safety related matters.  Defendant denies any disregard of plaintiff's constitutional rights or any unlawful seizure of property.

26.     Defendant admits that approximately four hours later he and Chief Faust telephoned plaintiff's home and defendant asked plaintiff for consent to search the office.  Defendant denies the remaining allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant admits the existence of the document referenced in paragraph 29 of the Complaint and that the quoted portion of the document is substantially accurate.  Defendant denies the remaining allegations contained in paragraph 29 of the Complaint.

30.     Defendant admits that he noted on the document that "@1625 hours Captain Falwell gave verbal consent after being advised of these rights."  Defendant admits that Acting Battalion Fire Chief Faust signed as a witness.   Defendant denies the remaining allegations contained in paragraph 30 of the Complaint.

31.     Defendant admits that Form 23CS is a document used by the Fire Prevention Division, including in the course of investigating a fire.  The remaining allegations in paragraph 31 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the remaining allegations.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 35 of the Complaint.

36.      Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 36 of the Complaint.

37.      Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.      Defendant admits that Brian Lee was Interim Fire Chief during at least some of the time period referenced in the Complaint.  The remaining allegations in paragraph 38 state conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations.

39.      The allegations contained in paragraph 39 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant admits that at least some of his actions were based in part upon direction from Interim Fire Chief Lee..

40.      Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 40 of the Complaint

41.      Defendant admits the allegations contained in paragraph 41 of the Complaint.

42.      Defendant admits the allegations contained in paragraph 42 of the Complaint.

43.      Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 43 of the Complaint.

44.      Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 44 of the Complaint.

45.      The allegations contained in paragraph 45 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent that response is required, defendant lacks sufficient information or knowledge to admit or deny the allegations therein.

46.     The allegations contained in paragraph 46 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant lacks sufficient information or knowledge to admit or deny the allegations therein.

47.     The allegations contained in paragraph 47 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

48.     The allegations contained in paragraph 48 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

49.     The allegations contained in paragraph 49 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

Count I
(Violation of Plaintiff's Fourth Amendment Rights)

50.     Defendant incorporates by reference herein his responses to paragraphs 1 through 49 of the Complaint.  The remaining allegations contained in paragraph 50 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

51.     The allegations contained in paragraph 51 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

52.     The allegations contained in paragraph 52 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

Count II
(Interference with Plaintiff's Civil Rights)

53.    Defendant incorporates by reference herein his responses to paragraphs 1 through 52 of the Complaint.  The remaining allegations contained in paragraph 53 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

54.    The allegations contained in paragraph 54 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

55.    The allegations contained in paragraph 55 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

56.    The allegations contained in paragraph 56 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

Count III
(Injunction / Due Process)

57.    Defendant incorporates by reference herein his responses to paragraphs 1 through 56 of the Complaint.

58.    Defendant acknowledges the Amendment cited in paragraph 58 of the Complaint but denies its applicability to the District of Columbia.

59.    The allegations contained in paragraph 59 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

60.     The allegations contained in paragraph 60 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

61.     The allegations contained in paragraph 61 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

Count IV
(Intentional Infliction of Emotional Distress)

62.     Defendant incorporates by reference herein his responses to paragraphs 1 through 62 of the Complaint.

63.     The allegations contained in paragraph 63 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

64.     The allegations contained in paragraph 64 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

65.     The allegations contained in paragraph 65 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

66.     The allegations contained in paragraph 66 of the Complaint state conclusions of law or of the pleader to which no response is required; to the extent a response is required, defendant denies the allegations therein.

Any other allegation not expressly admitted is hereby denied.

Second Defense

Plaintiff may have failed to mitigate his injuries and/or damages.

Third Defense

Defendant is entitled to absolute immunity and/or qualified immunity.

Fourth Defense

The actions of defendant were taken in good faith and with reasonable belief in their lawfulness.

Fifth Defense

If the plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

Sixth Defense

Plaintiff gave knowing and voluntary consent to the alleged search, seizure and/or retention of any personal property.

Seventh Defense

Plaintiff has failed to exhaust the available administrative processes and remedies.

Eighth Defense

Plaintiff's claims may be barred in whole or part by the doctrines of standing, mootness and ripeness.

<u>JURY TRIAL DEMAND</u>

Defendant hereby demands a trial by jury on all issues so triable.


                              Respectfully submitted,

                              LINDA SINGER
                              Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General, Civil Litigation Division


                              /s/ Phillip A. Lattimore, III /s/
                              PHILLIP A. LATTIMORE, III [422968]
                              Chief, General Litigation Section III


                              /s/ Carl J. Schifferle /s/
                              CARL J. SCHIFFERLE [463491]
                              Assistant Attorney General
                              Suite 600S
                              441 Fourth Street, N.W.
                              Washington, D.C. 20001
                              (202) 724-6624
                              (202) 727-3625 (fax)
                              Email:  carl.schifferle@dc.gov